IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-1936-WJM-CBS

GATOR HORIZON PARTNERS, LTD.,

   Plaintiff,

v.

HORIZON PARK PARTNERS, LLC,

   Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR STAY OR TO DISMISS**

This contract dispute between Plaintiff, Gator Horizon Partners, Ltd. ("Gator") and Defendant, Horizon Park Partners, LLC ( "Horizon") is pending pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332.  Horizon has filed a Motion For Stay or to Dismiss, arguing the Court should refrain from hearing this case pursuant to the "*Colorado River* Doctrine," in light of state court litigation between the parties (ECF No. 26), and Gator opposes that motion (ECF No. 36).  As explained below, the Court concludes that the state court proceedings are not sufficiently parallel to this action to warrant abstention under the *Colorado River* doctrine, so the motion is denied.

## I. BACKGROUND

Plaintiff and Defendant are the two owners of the Horizon Park Shopping Center, located in Longmont, Colorado.  Each owns separate, adjoining parcels of land which together comprise the shopping center, including its parking lots.

This lawsuit involves the parties' disputes over parking.  Gator alleges that

customers visiting businesses on Horizon's portions of the shopping center are parking in the wrong place, that is, in Gator's portion of the parking lot. Specifically, Gator alleges that visitors to a newly-constructed medical facility on Horizon's property are impermissibly parking on Gator's portion of the parking lot. (*See generally* ECF No. 35 at 2–3.) Gator alleges that this is in breach of contract, specifically, in violation of terms of the Declaration of Restrictions and Grant of Easements (the "Declaration") which governs terms of the parties' relationship at the shopping center. (*Id.* at 4; ECF No. 35-1.) Gator alleges Horizon's conduct is causing it damages valued at hundreds of thousands of dollars, by contributing to Gator's inability to re-lease a former K-Mart on its property (vacant since 2010), and by decreasing the value of Gator's property. (ECF No. 33 at 2–4; ECF No. 17.)

As relevant here, the parties have had two prior lawsuits in Colorado state courts relating to their disputes at the shopping center, including parking disputes. *First*, in 2011, Horizon (the Defendant here) initiated a lawsuit in Boulder County District Court, alleging that Gator had failed to maintain its portions of the shopping center's parking lot and to properly maintain lights in the parking lot, thereby falling short of obligations arising under the Declaration. (*See generally* ECF No. 26-1.) In the same lawsuit, Gator counterclaimed that Horizon had failed to fulfill its own obligation under the Declaration to use "reasonable efforts" to require customers visiting Horizon's portions of the shopping center to park in Horizon's portions of the parking lot. The 2011 lawsuit focused on a portion of the parking lot which the parties insist on describing as the "crotch," that is, a corner where two buildings come together at a right angle. (*See* ECF No. 26-2; ECF No. 26 at 5; ECF No. 36 at 4–5; ECF No. 26-7.)

Following an appeal, the 2011 litigation led to a March 25, 2016 order from the trial court, spelling out actions that Horizon must take to satisfy the Declaration's "reasonable efforts" requirement, specifically, certain signage that Horizon was required to place in the corner section of the parking lot. (ECF No. 26-7.) Cross-appeals following that order remain pending before the Colorado Court of Appeals.

*Second*, in 2013 Horizon initiated a second action against Gator in Boulder County District Court, seeking declaratory and injunctive relief to prevent Gator from constructing new buildings or improvements on certain portions of the shopping center property. (*See generally* ECF No. 26 at 6; ECF No. 26-9.) More specifically, as Horizon characterizes it, the second lawsuit involved "whether or not Gator had the right to build a bank building on Main Street near the Noodles." (ECF No. 26 at 6.) Following a grant of summary judgment, reversal, and remand, this second case went to trial in December 2016. (The outcome of that trial is not a matter of record before the Court, but does not alter the Court's analysis.)

Gator initiated the present action in this Court on July 29, 2016. (*See* ECF No. 1.) On October 18, 2016, Horizon filed the motion now before the Court (ECF No. 26), arguing that in light of the two ongoing state court proceedings, this Court should either stay or dismiss this action under the "*Colorado River* Doctrine," first recognized in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ("*Colorado River*"), or, in the alternative, stay this action under the "Priority Jurisdiction Rule," or "priority rule," as recognized by Colorado courts.

## II.  ANALYSIS

A.    *Colorado River* Doctrine

The *Colorado River* doctrine governs a federal court's authority to preside over a case when there is a concurrent action pending before a state court.  *See Colorado River*, 424 U.S. at 817.  As compared to other federal abstention doctrines, the appropriate circumstances for deferral under the *Colorado River* doctrine are "considerably more limited than the circumstances appropriate for abstention" and must be "exceptional."  *See Colorado River*, 424 U.S. at 817–18.  Accordingly, the Court's "task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction . . . ; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of the jurisdiction."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983) ("*Cone*").

The first step under the *Colorado River* analysis is to determine "whether the state and federal proceedings are parallel."  *Allen v. Bd. of Educ., Unified Sch. Dist. 436*, 68 F.3d 401, 403 (10th Cir. 1995).  Suits are parallel if "substantially the same parties litigate substantially the same issues in different forums."  *Id.*  A court must examine "the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings, resolving any doubt in favor of exercising federal jurisdiction."  *Id.*  If the cases are not parallel, the federal court must exercise jurisdiction.  *Id.* at 403.  Further, a federal court may enter a stay under the *Colorado River* doctrine only if it has "full confidence" that the parallel state litigation will end the

parties' dispute.  *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988).

Here, Horizon argues that "the exact same contract provision," is at issue in both the 2011 state court litigation and in this case.  Specifically, Article IV, Section B of the Declaration states, "Each party shall use reasonable efforts to require its Occupants . . . to park vehicles within its respective tract."  (ECF No. 33 ¶ 17; ECF No. 33-1 at 8.)  That provision underlies Gator's breach of contract claim in this case, in which Gator contends, in part, that "Horizon has configured its tract in a manner that . . . patrons of Horizon's tenants[] rely entirely and exclusively upon Gator's . . . parking spaces." (*See* ECF No. 33 ¶ 22.)  This is the same contractual provision which was at issue in the 2011 state court litigation (still pending on appeal), in which the central issue resolved was what "reasonable efforts" were required to resolve the parties' dispute regarding parking in that case, as reflected in the state court's March 25, 2016 order. (ECF No. 26-7 at 2–3.)

However, the specific factual dispute in the 2011 state court litigation was related to the parking lot's interior corner area, and the trial court's order requiring specific signage as a means of compliance with the contract was specific to that portion of the parking area and to the factual dispute presented in that case.  (*See id.* at 4, 5.)  In this case, the dispute alleges a violation of the same contractual provision, but arises from new and distinct facts, specifically from the development of the medical facility on Horizon's property and the resulting alleged "use of even more of [Gator's] parking lot." (*See* ECF No. 33 ¶¶ 24–29.)  Since that construction was not contemplated until 2015 and was not completed until March 2016, it could not have been part of the claims

brought in 2011. (*See id.* ¶¶ 24, 29.) The state court's March 25, 2016 order as to "reasonable efforts" nowhere mentions the medical facility, and it is not shown on the site map incorporated in that order (which marks the location only as "Redevelopment possible"). (ECF No. 26-7 at 5.) As to the second state court case, it pertained to development rights and provisions of the Declaration that are not at issue here.

On this record, the Court cannot conclude that the state court proceedings are parallel to the proceedings here, as required under *Colorado River* doctrine. The Court lacks "full confidence" that the state litigation will end the parties' dispute, *see Gulfstream*, 485 U.S. at 277, since it does not appear that the state court was presented with the same factual dispute raised in this case. Since the Court therefore cannot conclude that the state court proceedings will provide complete and prompt resolution of the issues raised here, a stay or dismissal under *Colorado River* is not warranted. *See Cone*, 460 U.S. at 28. Accordingly, the Court follows the admonition to resolve any doubts as to whether the state court proceedings are parallel in favor of exercising jurisdiction. *See Allen*, 68 F.3d at 403; *see also Colorado River*, 424 U.S. at 813 (abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it").

However, the analysis above does not mean the state court proceedings are irrelevant to the issues in dispute in this case. Resolution of certain issues in the state court proceedings *may* have preclusive effect here, particularly as to any interpretation or declaration of the meaning of paragraph IV.B. of the Declaration. *See generally Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("Under the doctrine of claim

preclusion, a final judgment forecloses successive litigation of the very same claim"; "Issue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." (citations and internal quotation marks omitted). (*See also* ECF No. 38 at 5 (Horizon's pleading asserting preclusion as an affirmative defense).)  In addition, although Gator's operative complaint does not include an explicit claim for declaratory judgment (*see* ECF No. 33 at 8–11), the Court is nevertheless wary of providing an "arena for a race to *res judicata*," or a forum for "procedural fencing."  *See generally State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).  Accordingly, the Court will require the parties to promptly file a notice docketing the Colorado Court of Appeals decision arising from the 2011 dispute, as specified below.

In sum, the Court has found that this action is not parallel to the state court actions, *so Colorado River* abstention does not apply and the Court's analysis goes no further.  *See Allen*, 68 F.3d at 403 (directing the district court to retain jurisdiction if it determines the cases are not parallel, and only determine whether to abstain under the *Colorado River* doctrine if it first finds the cases are parallel); *see also United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002) ("a finding of parallel proceedings is a threshold condition for engaging in the *Colorado River* analysis").

To the extent other disputes may remain—as to the impact of the state court proceedings here, as to claim or issue preclusion, as to whether any conduct to date has been in violation of an existing state court order, or as to any other dispute

regarding this Court's jurisdiction (*see, e.g.,* ECF No. 38 at 5 (disputing the amount in controversy predicate to jurisdiction under 28 U.S.C. § 1332))—those issues are not now presented, and the Court does not reach or resolve them here.

**B.     The Priority Jurisdiction Rule**

Horizon also argues that the Court should stay this action under the "priority jurisdiction rule." (*See* ECF No. 26 at 11–12 (citing, *inter alia*, *Wiltgen v. Berg*, 435 P.2d 378, 381 (Colo. 1967).)  The general statement of this rule "holds that where two courts may exercise jurisdiction over the same parties and subject matter, the first action filed has priority of jurisdiction, and the second action must be stayed until the first is finally determined." *Battle N., LLC v. Sensible Hous. Co.*, 370 P.3d 238, 244 (Colo. App. 2015).

Gator argues that the rule does not apply here and that the cases cited by Horizon show that the rule applies only where competing actions in different state courts seek to resolve the exact same subject matter, and in potentially inconsistent ways.  (*See* ECF No. 36 at 12–14.)  The Court is inclined to agree that the "priority rule" does not apply on the facts here, given the explanation above that this action does not involve the exact same subject matter as the state court proceedings.  Horizon does not defend its position or respond to Gator's distinction of the cases cited by Horizon, indeed Horizon does not even mention the "priority rule" in its reply brief.  (*See* ECF No. 37.)  The Court therefore treats this argument as conceded.

Moreover, Horizon cites no authority which makes the "priority rule," applied by Colorado courts applicable in federal court.  Neither *U.S. ex rel Brown Minneapolis*

*Tank Co. v. Kinley Construction Co.*, 816 F. Supp. 2d 1139, 1153 (D.N.M. 2011) nor *President's Co. v. Whistle*, 812 P.2d 1194, 1996 (Colo. App. 1991), supports Horizon's argument. (*See* ECF No. 26 at 12.) In *Kinley*, the federal district court considered the "first to file" rule governing related actions in two federal district courts, as well as determination of proper venue, as between federal district courts. 816 F. Supp. 2d at 1153, 1177. Neither analysis applies here. In *President's Co.*, one party requested an injunction from the state court prohibiting the other party from proceeding in a federal court action. *Id.* The state court action was dismissed, with the court of appeals recognizing both that "[s]tate courts do not possess any power to restrain or enjoin federal court proceedings," and that "[g]enerally, when state and federal courts have concurrent jurisdiction, *in personam* actions involving similar issues may proceed simultaneously in both forums." 812 P.2d at 1196. Neither the facts nor the law cited in *President's Co.* supports Horizon's argument here.

## III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion For Stay or to Dismiss (ECF No. 26) is DENIED;
2. FURTHER, the parties are DIRECTED as follows:
   a. The parties SHALL FILE a joint notice docketing the decision of the Colorado Court of Appeals in Case No. 2016CA567 (the pending appeal arising from the litigation initiated in 2011, as discussed above) **within 7 days** after that decision is issued. The joint notice filing shall not exceed two pages, exclusive of attorneys' signatures and certificates of service.

        In this joint filing, the parties should succinctly state each party's respective position as to (a) whether the decision of the Colorado Court of Appeals resolves some or all issues in dispute in this case, and (b) whether further briefing is warranted on the issues raised or resolved and/or appropriate procedures to follow in this case.

b.      All counsel are also DIRECTED to follow the same procedure to docket with this Court *any other decision* of either the Boulder County District Court or the Colorado Court of Appeals which counsel, as officers of the Court, believe is reasonably likely to alter the proceedings required or the adjudication of claims in this case.

Dated this 23rd day of January, 2017.

BY THE COURT:

William J. Martinez
United States District Judge